MARGARET M. SHALLEY
Fasulo, Shalley & DiMaggio, LLP
225 Broadway, Suite 715
New York, New York 10007
Telephone: (212) 566-6212
Facsimile: (212) 566-8165

*Attorney for Defendant*
Diego Fernando Murillo-Bejarano

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA           :

    v.                                          :  **Case No. S3 03 Cr. 1188 (RMB)**

DIEGO FERNANDO MURILLO-BEJARANO    :

     Defendant.                     :

-------------------------------------------------------------x

## SUPPLEMENTAL SENTENCING MEMORANDUM

## INTRODUCTION

This supplemental sentencing memorandum is respectfully submitted in response to the March 4, 2009, Order, wherein the Court adjourned Mr. Murillo-Bejarano's sentencing so that he could move forward with the Colombian Justice and Peace Process, and the Court permitted defense counsel, the Government and counsel for Ms. Alba Ines Rendon Galvis, to file supplemental sentencing submissions. The defendant respectfully submits the following information in order to aid in the determination of the appropriate sentence which serves the interests of justice and the sentencing purposes set forth in Title 18 U.S.C. §3553(a) in accord with *United States v. Booker*, and *United States v. Fanfan*, 543 U.S. 220, 160 L.Ed.2d 621, 125 S. Ct. 738 (U.S. Sup. Ct. 2005).

## MR. MURILLO-BEJARANO'S CONTINUED PARTICIPATION IN THE JUSTICE AND PEACE PROCESS

Following the March 4, 2009, hearing in which the Court denied Ms. Galvis victim status under the Crime Victim's Rights Act ("CVRA"), defense counsel immediately contacted representatives from the U.S. Department of Justice, Office of International Affairs, in order to arrange a meeting between Mr. Murillo-Bejarano and representatives from the Justice and Peace Unit of the Colombian Public Prosecutor's Office. The earliest date representatives from Colombia were available to travel to New York was Friday, April 3, 2009. Counsel had requested, through the Office of International Affairs, to proceed with the Versiones Libres (statements of confession of past crimes by demobilized former paramilitary fighters to prosecutors of the Justice and Peace Unit of the Attorney General's Office) concerning the area of Comuna 13. However, the Colombian authorities wished to limit the meeting to the parameters of the defendant's participation in the Justice and Peace Process. The meeting was attended by the Fiscal General (Attorney General) of Colombia, Mario German Iguaran Arana, the Fiscal Coordinator of Justice and Peace, Luis Gonzalez, and the Fiscal del Caso of Justice and Peace, Nestor Rangel. The Colombian authorities limited the meeting to the following issues: (1) the possibility of the defendant continuing in the Justice and Peace Process; (2) the benefits, if any, that the defendant will get in the United States for continuing in Justice and Peace; and (3) Mr. Murillo-Bejarano's participation in an investigation by the Colombian Supreme Court concerning corruption. During the meeting, Mr. Murillo-Bejarano affirmed his willingness to continue in the Justice and Peace Process so that the victims in Colombia have access to the truth.

In light of Mr. Murillo-Bejarano's expressed desire to continue to cooperate with Colombian authorities, several matters are currently moving forward. The Attorney General of Colombia requested that the defendant give statements of fact pertaining to para-political corruption cases which are currently being investigated by the Colombian Supreme Court, and the defendant agreed to give these statements. Mr. Murillo-Bejarano is considered to be a witness in these matters, and has not been implicated in such

activities.[1] A number of individuals have been arrested in Colombia pertaining to these cases, and therefore, Colombian authorities have requested that Mr. Murillo-Bejarano give his statements of fact as soon as possible in order to facilitate the investigation. The defendant's Colombian counsel, Mr. Diego Alvarez Betancourt, is currently working with Colombian prosecutors on this matter. Attorney General Iguaran Arana informed the defendant that the Colombian Supreme Court has requested his participation in a televised declaration, concerning the corruption of two (2) politicians, Nancy Patricia Gutierrez, and Zulema del Carmen Jattin Corrales. Relevant communications regarding this Order have been sent from Colombia to government officials in the United States, and when teleconferencing procedures are set up between the Justice Department and the Colombian investigative agency, Murillo-Bejarano will give a declaration concerning these individuals.

Additionally, based upon the commitment of Mr. Murillo-Bejarano to the Justice and Peace Process, the Office of the Attorney General of Colombia, National Unit for the Office of the Justice and Peace Public Prosecutors, has provided a Certification which states that subsequent to the defendant's extradition, he has "...stated his willingness to continue providing cooperation by means of the giving of personal account statements [Versiones Libres] with the Justice Administration of Colombia so that in-depth explanations may be given with respect to these acts within the framework of Justice, Truth and Reparation." [2] This Certification, as well as the English translation, is attached hereto as Exhibit "1." Moreover, the Certification also states that Mr. Murillo-Bejarano's extradition "...is the reason why it has not been possible to continue with the official proceedings to hear his personal account statements and confession, despite the fact that in a message received by this Office on May 23, 2008, he repeated his desire to continue with the Justice and Peace proceedings." Each Version Libre must be set up by the National Unit for the Offices of the Justice and Peace Public Prosecutor's Office through the Department of Justice. The Public Prosecutor's Office notifies the victims of each charge so that they may participate and question the defendant as part of the process. From conversations with other defense counsel, the defendant's Colombian counsel and the Office of International Affairs, generally each Version Libre takes 2-3 days. The defendant gives a statement, he is then questioned by prosecutors and finally by the victims. Further investigations ensue based upon the defendant's answers to questions. The defendant estimated during the meeting, that to date, he has only discussed approximately 10% of the information that he knows. Accordingly, counsel has learned that based upon the voluminous amount of information that the defendant possesses, Mr.

---

[1] In the defendant's original sentencing submission, counsel indicated, based upon information provided by the defendant's Colombian attorneys, that Mr. Murillo-Bejarano had no criminal convictions in Colombia prior to his extradition to the United States. Based upon information subsequently obtained by counsel, including the documents submitted by Ms. Rendon's counsel in support of her motion under the CVRA, the defendant respectfully withdraws the statement that he has no criminal convictions in Colombia. However, the instant offense is Mr. Murillo-Bejarano's only criminal conviction in the United States.

[2] To date, Mr. Murillo-Bejarano has given three (3) Version Libres as part of the Justice and Peace Process over a period of 4 days. The first was on July 16, 2007, concerning his role in the self defense groups. The second was on November 28, 2007, which concerned actions of the Bloque de Heroes de Tolova, which was one of the three AUC Bloques that the defendant commanded. The third Version Libre also concerned the Bloque de Heroes de Tolova.

2

Murillo-Bejarano's participation in the Justice and Peace Process will be quite lengthy and his completion of the process will presumably extend over the next year or two, if he gives televised Versiones Libres once per month, for 2-3 days at a time, as other individuals in the Justice and Peace Process have done. Mr. Murillo-Bejarano's first Version Libre given by teleconference in the United States will be scheduled as soon as we are notified by the Justice and Peace Public Prosecutors Office that they are ready to proceed.

Additionally, as indicated in the Certification from the Attorney General's Office, Mr. Murillo-Bejarano has committed himself to the Justice and Peace Process since his extradition to the United States by turning over 112 pieces of property to the National Unit for the Office of the Public Prosecutor for Justice and Peace. This property can be used as reparation for the registered victims of Justice and Peace. A list of the properties that Mr. Murillo-Bejarano has turned over thus far, which Mr. Murillo-Bejarano's attorney, Diego Alvarez Betancourt estimates are worth approximately $20 million U.S. Dollars, is attached hereto as Exhibit "2." All of the properties except those appearing on page 1 of the Exhibit, were turned over while the defendant was incarcerated in the United States. Additional properties are due to be surrendered to the Public Prosecutor's Office in the next few weeks. The surrender of these properties demonstrates an extraordinary acceptance of responsibility by Mr. Murillo-Bejarano. Notably, at outlined in prior sentencing submissions, once the defendant has finished serving the sentence imposed by this Court, the defendant, according to statements made by President Uribe, will be returned to Colombia to serve a sentence as part of the Justice and Peace Process. If he continues to cooperate with that process, the sentence could be as low as 8 years; if he does not continue to cooperate, a maximum of 60 years may be imposed. Presumably, he will serve at least 320 months if he does not continue with the Process, since this was the sentence imposed on the Vargas matter, for activities which he took responsibility for that occurred in the area of Comuna 13.

Mr. Murillo-Bejarano recognizes the harm and unimaginable pain suffered by Ms. Rendon and all those who were killed, injured, or had loved ones killed or injured during the ongoing civil conflict between the paramilitaries and the guerillas. While the defendant has no specific information related to the death of Ms. Rendon's son and he was not the individual who committed the murder, Mr. Murillo-Bejarano is extremely remorseful for the harm caused to Ms. Rendon. Moreover, despite the fact that Ms. Rendon is not entitled to victim status under the CVRA, she has several remedies available to her in Colombia if she wishes to pursue claims for money or property. First, as suggested by the Third Criminal Court of the Specialized Circuit of Medellin, she can, by motion within the reparation process, move to be declared a victim with the National Unit for Justice and Peace wherein she will be entitled to reparation. Secondly, as was also suggested by the Medellin Court, she can file a civil claim. Third, Ms. Rendon can sue the Colombian Government in an administrative suit, if she can establish that her son died as a result of the self defense groups and military officers working together. Fourth, there is a program administered through the Colombian government, which gives money to persons who have been found to be victims. And finally, Ms. Rendon may also pursue a claim on an international level, against the Country of Colombia, through the Inter-

3

American Commission on Human Rights (IACHR), based upon Colombia's ratification of the American Convention on Human Rights. The IACHR is an autonomous organ of the Organization of American States (OAS), and the Commission may process individual cases where it is alleged that one of the member states of the OAS is responsible for human rights violations.

Accordingly, in consideration of the relevant factors set forth in Title 18 U.S.C. § 3553(a), Mr. Murillo-Bejarano respectfully requests that the Court impose a sentence of 324 months' (27 years) imprisonment. This sentence is sufficient but not greater than necessary to meet the factors set forth in Title 18 U.S.C. § 3553(a). [3] The defendant participated in the Justice and Peace Process while he was in Colombia, and following his extradition to the United States, Mr. Murillo-Bejarano is continuing to cooperate with the Process. He affirmed his unwavering commitment to the Process last week with representatives from Colombia, including the Attorney General Mario German Iguaran Arana, Fiscal Coordinator of Justice and Peace, Luis Gonzalez, and the Fiscal del Caso of Justice and Peace, Nestor Rangel. Notably, Mr. Murillo-Bejarano, who was the Inspector General within the AUC, possesses a wealth of information that Colombian authorities can use in the Justice and Peace Process. Mr. Murillo-Bejarano's participation will allow numerous victims in Colombia learn the truth and hopefully to achieve some sense of closure. Additionally, the $20 million dollars in assets that the defendant has turned over to the Justice and Peace Process will be used as reparation for the victims.

The defendant, Diego Fernando Murillo-Bejarano, respectfully reserves the right to raise additional issues at the time of sentencing.

Dated: April 8, 2009
New York, New York

/s/
Margaret M. Shalley
Fasulo, Shalley & DiMaggio, LLP
225 Broadway, Suite 715
New York, New York 10007
Telephone: (212) 566-6212
Facsimile: (212) 566-8165

*Attorney for Defendant*
Diego Fernando Murillo-Bejarano

---

[3] Counsel is unable to request a downward departure because of the parameters of the Plea Agreement. Moreover, the United States Attorney's Office has informed counsel on numerous occasions that should the defendant choose to participate in any interviews with Colombian authorities, the Government would not consider his interviews as a basis for varying from any of the stipulations set forth in the Plea Agreement, or as cooperation with United States authorities under either U.S.S.G. § 5K1.1 or Title 18 U.S.C. § 3553(e). The Colombian Attorney General also indicated that the defendant's participation in the Justice and Peace Process will not lead to a reduction in sentence by the Justice Department.

4

cc:    AUSA Eric Snyder
       USPO Christopher T. Ferrall
       Roxanna Altholz
       Leo P. Cunningham
       Lee-Anne V. Mulholland

**EXHIBIT 1**

TRANSLATION

[emblem]
OFFICE OF THE ATTORNEY GENERAL OF COLOMBIA

NATIONAL UNIT FOR THE OFFICES OF THE JUSTICE AND PEACE PUBLIC PROSECUTORS

OFFICE OF THE 6th DELEGATED PROSECUTOR

Bogota, Capital District, April seventh (7th) two thousand nine (2009)

The undersigned Sixth Delegated Prosecutor for the National Court for Justice and Peace,

**CERTIFIES**

That Mr. DIGEO FERNANDO MURILLO BEJARANO demobilized from the illegal organization known as the AUTODEFENSAS UNIDAS DE COLOMBIA [United Self Defense Forces of Colombia] - the AUC, on June 18, 2005 in the town of Valencia, Cordoba with the organized armed group that was operating outside of the law - the Heroes de Tolova Block - and subsequently, joined others who became part of the process and sought the benefits provided for in Law 975 of 2005, which was sent to the Office of the Attorney General of Colombia on August 16, 2006.

He also certifies that subsequent to his extradition to the United States of North America, he has turned over to the National Unit for the Office of the Public Prosecutor for Justice and Peace 112 pieces of real property which are intended to provide reparation to the victims of the armed conflict in Colombia; and, that from his correctional facility, he has stated his willingness to continue providing cooperation by means of the giving of personal account statements [Versiónes Libres] with the Justice Administration of Colombia so that in-depth explanations may be given with respect to these acts within the framework of Justice, Truth and Reparation.

The extradition of MURILLO BEJARANO, who became part of the [above process], to the United States of North America was authorized by the Colombian government, and on May thirteenth (13th), he was surrendered in extradition so that he could stand trial by virtue of indictment number 03 Cr. 1188 issued under seal on October 6, 2003 in the United States District Court for the Southern District of New York, and this is the reason why it has not been possible to continue with the official proceedings to hear his personal account statements and confession, despite the fact that in a message received by this Office on May 23, 2008, he repeated his desire to continue with the Justice and Peace proceedings.

I would like to point out that before his extradition, he participated in four (4) daylong official personal account and confession sessions which were held according to the parameters of the Law for Justice and Peace, and there were adjournments on three occasions due to problems

1

caused by health reasons and because he had not been transported by the National Bureau of Prisons [INPEC] to the room that had been designated for this purpose.

[signed: illegible signature]
NESTOR RANGEL SANCHEZ
Sixth Prosecutor National Unit for Justice and Peace



## UNIDAD NACIONAL DE FISCALIAS JUSTICIA Y PAZ
## FISCALIA 6 DELEGADA

Bogota D.C., siete (7) de abril de dos mil nueve (2009).

El suscrito Fiscal Sexto Delegado ante el Tribunal Nacional para la Justicia y la Paz,

### CERTIFICA

Que el señor DIEGO FERNANDO MURILLO BEJARANO se desmovilizó de la organización ilegal autodenominada AUTODEFENSAS UNIDAS DE COLOMBIA – AUC el día 18 de junio de 2005 en el municipio de Valencia Córdoba con el grupo armado organizado al margen de la ley -Bloque Héroes de Tolova- y posteriormente incluido en la lista de postulados al procedimiento y beneficios previstos en la ley 975 de 2005, enviada a la Fiscalía General de Colombia el 16 de agosto de 2006.

Igual certifica que posterior a su extradición a los Estados Unidos de Norteamérica ha entregado a la Unidad Nacional de Fiscalía para la Justicia y la Paz un total de 112 bienes inmuebles destinados para reparar a las victimas del conflicto armado en Colombia; y que ha manifestado su voluntad de continuar, desde su centro de reclusión, colaborando a través de las diligencias de Versión Libre, con la administración de justicia en Colombia para el esclarecimiento de los hechos dentro del marco de Justicia, Verdad y Reparación.

La extradición del postulado MURILLO BEJARANO a los Estados Unidos de Norteamérica fue autorizada por el Gobierno de Colombia, y el trece (13) de mayo fue entregado para que comparezca a juicio en virtud de la acusación número 03 Cr. 1188 dictada bajo sello el 6 de octubre de 2003 en la Corte Distrital de los Estados Unidos para el Distrito Sur Nueva York Columbia, razón por la cual no ha sido posible continuar la diligencia de versión libre y confesión no obstante que, en comunicación recibida en este Despacho el 23 de mayo/08, reiteró su voluntad de continuar en el procedimiento de Justicia y Paz.

Es de anotar que antes de su extradición se desarrollaron conforme a los parámetros de la Ley de Justicia y Paz cuatro (4) jornadas de la diligencia de versión libre y Confesión y hubo aplazamiento en tres oportunidades por inconvenientes por su estado de salud y por la no conducción del Instituto Nacional Penitenciario INPEC a la sala destinada para ese propósito.

**NESTOR RAUL RANGEL SANCHEZ.**
Fiscal Sexto Unidad Nacional Justicia y Paz

**EXHIBIT 2**

## PROPERTIES SURRENDERED BY
## DIEGO FERNANDO MURILLO-BEJARANO
## TO THE COLOMBIAN JUSTICE & PEACE PROCESS

| NAME | AREA (Hectáreas) | VALUE (US Dollars) |
|---|---|---|
| EL RECREO | 14.000 Hectareas | $3,000,000.00 |
| NUEVA VIDA | 964 Hectareas 7.170 Square Meters | $200,000.00 |
| LOS NEGRITOS | 600 Hectareas | $800,000.00 |
| GUADAL | 402 Hectareas | $500,000.00 |
| LA MONTANA | 128 Hectareas 9.717 Square Meters | $500,000.00 |
| LAS DELICIAS | 158 Hectareas | $500,000.00 |
| NO NAME – located in Place Monteria, Cordoba, Colombia | 266 Square Meters | $500,000.00 |
|  | **TOTAL** | **$6,000,000.00** |

| NAME | AREA Hectáreas (ha) | REGISTRY NUMBER | VALUE (US Dollars) |
|---|---|---|---|
| RANCHO GRANDE | 60 HECTAREAS | 140-3163 | $173,913.00 |
| DIOS TE SALVE | 55 HECTAREAS 5.000 M2 | 140-43328 | $130,434.00 |
| LA MINA | 52 HECTAREAS 9.120 M2 | 140-44529 | $130,434.00 |
| LA ESPERANZA | 49 HECTAREAS 8.942 M2 | 140-51366 | $108,695.00 |
| LAS DELICIAS | 50 HECTAREAS 5.750 M2 | 140-97691 | $108,695.00 |
| MOSAICO | 275 HECTAREAS 7590 M2 | 140-97657 | $1,043,478.00 |
| SIN NOMBRE | 776.16 M2 | 140-91772 | $ 43, 478.00 |
| SIN NOMBRE | 340 M2 | 140-60215 | $ 34,782.00 |
| SAN ROQUE | 51 HECTAREAS 8.609 M2 | 140-66642 | $130,434.00 |
| EL ESCONDIDO | 55 HECTAREAS 5.500 M2 | 140-0030.323 | $130,434.00 |
| LA MONTAÑA | 64 HECTAREAS 4.858 M2 | 140-85441 | $173,913.00 |
| TINAJONES | 88 HECTAREAS 7.700 M2 | 140-40666 | $260,868.00 |
| SIN NOMBRE | 37 HECTAREAS 8.581 M2 | 140-96835 | $86,956.00 |
| LAS DELICIAS | 76 HECTAREAS | 140-0009993 140-0030-209 | $217,391.00 |
| GUADAL | 46 HECTAREAS 5.476 M2 | 140-98948 | $130,434.00 |
| SIN NOMBRE | 48 HECTAREAS 4.046 M2 | 140-98964 | $217,391.00 |
| SIN NOMBRE | 55 HECTAREAS 7.283 M2 | 140-98949 | $239,130.00 |
| LA MONTAÑA | 128 HECTAREAS 9.717 M2 | 140-85441 | $608,695.00 |
| EL MIRADOR (SAN ADONAIS) | 35 HECTAREAS | | $260,868.00 |
| | | **TOTAL** | **$4,121,728.00** |

| LOT NUMBER | AREA HECTAREAS | REGISTRY NUMBER |
|---|---|---|
| 12 | 7 | 140-0044.591 |
| 89 | 7 | 140-0044.699 |
| 95 | 8 | 140-0044.079 |
| 92 | 7 | 140-0044.827 |
| 91 | 7 | 140-0044.700 |
| 95 | 8 | 140-0044.079 |
| 160 | 8 | 140-0044.135 |
| - | 6 | 140-0068.197 |
| 7 | 11.9199 M2 | 140-0068.195 |
| 11 | 12 | 140-0068.198 |
| 24 | 7 | 140-0044.075 |
| 10 | 7 | 140-0068.202 |
| 59 | 6 | 140-0044.136 |
| 121 | 7 | 140-0044.728 |
| 18 | 7 | 140-0044.606 |
| 85 | 8 | 140-0044.340 |
| 20 | 7 | 140-0044.828 |
| 7 | 7 | 140-0044.348 |
| 21 | 7 | 140-0044.692 |
| 05 | 27 | 140-0044.834 |
| 59 | 6 | 140-0044.136 |
| 13 | 7 | 140-0044.596 |
| 150 | 7 | 140-0044.698 |
| 145 | 7 | 140-0044.701 |
| 148 | 7 | 140-0044.343 |
| 45 | 7 | 140-0044.593 |
| 49 | 7 | 140-0044.599 |
| 44 | 7 | 140-0044.600 |
| 124 | 7 | 140-0044-.049 |
| 123 | 7 | 140-0044-052 |
| 46 | 7 | 140-0044.592 |
| 8 | 7 | 140-0068.201 |
| 9 | 7 | 140-0044.702 |
| 102 | 7 | 140-0044.073 |
| 122 | 7 | 140-0044.048 |

| | | |
|---|---|---|
| 8 | 8 | 140-0057.075 |
| 126 | 7 | 140-0044.050 |
| 51 | 7 | 140-0044.705 |
| 6 | 11 | 140-0068.205 |
| 53 | 7 | 140-0044.071 |
| 130 | 7 | 140-0044.055 |
| 127 | 6 | 140-0044.063 |
| 90 | 7 | 140-0058.704 |
| 167 | 19 | 140-0044.837 |
| 131 | 6 | 140-0044.060 |
| 81 | 8 | 140-0044.351 |
| 8 | 7 | 140-0068.199 |
| 88 | 8 | 140-0044.350 |
| 10 | 18 | 140-0044.645 |
| 6 | 25 | 140-0044.171 |
| 14 | 7 | 140-0044.066 |
| 76 | 7 | 140-0057.030 |
| 120 | 7 | 140-0044.725 |
| 80 | 8 | 140-0044.709 |
| 93 | 7 | 140-0057.031 |
| 10 | 7 | 140-0049.733 |
| 984 | 8 | 140-0044.133 |
| 42 | 7 | 140-0044.070 |
| 25 | 7 | 140-0044.076 |
| 94 | 8 | 140-0044.607 |
| | 7 | 140-0044.595 |
| 19 | 7 | 140-0044.597 |
| 16 | 7 | 140-0044.598 |
| 345 | 6 | 140-0044.345 |
| 346 | 6 | 140-0044.346 |
| 4 | 27 | 140-0044.647 |
| 86 | 8 | 140-0044714 |
| 159 | 8 | 140-0044.710 |
| 151 | 7 | 140-0044.707 |
| 55 | 7 | 140-0044.704 |
| 134 | 7 | 140-0044.694 |
| 10 | 7 | 140-0044.355 |
| 52 | 7 | 140-0044.594 |

| | | |
|---|---|---|
| 20 | 7 | 140-0044.609 |
| 87 | 7 | 140-0060.310 |
| 7 | 35 | 140-0045.157 |
| 118 | 7 | 140-0044.047 |
| | 14 | 140-0058.100 |
| 23 | 7 | 140-0044.575 |
| 43 | 8 | 140-0044.576 |
| 32 | 7 | 140-0044.583 |
| 17 | 7 | 140-0044.585 |
| 22 | 7 | 140-0044.580 |
| 149 | 7 | 140-0044.126 |
| 11 | 7 | 140-0044.127 |
| 3 | 38 | 140-0045.159 |
| 47 | 7 | 140-0060.307 |
| | 8 | 140-0058.744 |
| | **TOTAL VALUE (US DOLLARS)** | **$10,000,000.00** |