UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

DIEGO FERNANDO MURILLO-BEJARANO,

Defendant.

3-CR-1188 (RMB)

ORDER

---

## I. Background

On June 17, 2008, Diego Fernando Murillo-Bejarano ("Murillo-Bejarano" or "Defendant") pled guilty to one count of conspiracy to import cocaine into the United States in violation of 21 U.S.C. § 963. *See* Judgment, dated Apr. 22, 2009, at 1 (ECF No. 82). On April 22, 2009, Murillo-Bejarano was sentenced to 375 months of imprisonment, followed by five years of supervised release. *See id.* at 2.

On February 4, 2024, Defendant filed a *pro se* motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the United States Sentencing Guidelines. *See* Def.'s Mot., dated Feb. 4, 2024, at 1 (ECF No. 144). Defendant moves for resentencing "under [] Amendment 821 Part A or Part B." *See id.*

Both the U.S. Probation Office and the Government **oppose** Mr. Murillo-Bejarano's motion. *See* Gov't Letter, dated Mar. 26, 2024 at 1 (ECF No. 148); Probation Office Supplemental Presentence Investigation Report, dated Mar. 15, 2024, at 2-3 (ECF No. 145). The Government persuasively contends that the Defendant does not qualify for relief under Part A or Part B. Probation concurs: "the defendant is precluded from a sentence reduction under both the Status

1

Points and Zero-Point Offender amendments." Supplemental Presentence Investigation Report at 3.

## II. Legal Standard

Amendment 821 went into effect on November 1, 2023 and was made retroactive by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.10(d). Part A of Amendment 821 provides for resentencing and a sentence reduction for defendants who, among other things, "committed the instant offense while under any criminal justice sentence." *See* U.S.S.G. § 4A1.1. Part B of Amendment 821 provides for resentencing and a two-level decrease in the Offense Level where: (1) a defendant had no criminal history points at sentencing, and (2) a defendant's offense did not include any of the (nine) categories listed in Section 4C1.1(a), including, among other things, the use of violence or credible threats of violence. *See* U.S.S.G. § 4C1.1(a)(1)–(10).

## III. Analysis

Defendant does not qualify for relief under Amendment 821.

With respect to Part A, "[t]he defendant did not receive any criminal history points for committing his offense while subject to a criminal justice sentence, and therefore is not eligible for relief pursuant to Part A of Amendment 821. Indeed the original Presentence Investigation Report calculated that the defendant had zero criminal history points." Gov't Letter at 2.

With respect to Part B, Mr. Murillo-Bejarano cannot meet the "criteria listed in the new U.S.S.G." for two reasons. *See* Gov't Letter at 2; § 4C1.1. First, the Defendant was "the de facto leader of the Autodefensas Unidas de Columbia ("AUC"), a paramilitary organization engaged in warfare with the Fuerzas Armadas Revolucionaries de Columbia ("FARC")." *Id.* He "engaged in the offense as the leader in charge of the AUC's narcotics-trafficking activities, which was used to support its terrorist paramilitary activities" and his "offense conduct was directly in support of

the AUC's ongoing violent operations." *Id.* Second, Defendant "received a four-level enhancement under § 3B1.1 because of his role as the leader of the AUC, which made him the leader of an extensive criminal activity that involved five or more participants." *Id.*

## IV. Conclusion & Order

Defendant's motion for a sentence reduction is denied.

_____
Richard M. Berman
United States District Judge

Dated: March 28, 2024
      New York, New York

**Copies Mailed By Chambers**