UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Government,<br><br>    -against-<br><br>DIEGO FERNANDO MURILLO-<br>BEJARANO,<br><br>        Defendant. | 03-CR-1188 (RMB)<br><br>**DECISION & ORDER** |

## I. Background

On December 26, 2024, Defendant Diego Fernando Murillo-Bejarano ("Defendant") filed a *pro se* motion for compassionate release seeking to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Defendant bases his claims upon "extraordinary and compelling circumstances, chronical medical conditions, [and] changes in sentencing and appeal laws, especially changes to the U.S.S.G. § 1B1.13(b)(5)&(6), with consideration of factors under 18 U.S.C. § 3553(a)." *See* Def.'s Mot., dated Dec. 26, 2024, at 1 (ECF No. 151). Defendant describes his medical conditions to include, "pre-diabetes, complete and traumatic right leg amputation above the knee, enlarged prostate with chronic urinary tract infections, Hyperlipidemia, [m]uscle weakness, [m]uscle atrophy, and chronic lower back pain." *Id.* at 3. On February 19, 2025, Defendant submitted a reply to the Government's opposition. *See* Def.'s Reply., dated Feb. 19, 2025, at 1 (ECF No. 156).

The Government opposes Defendant's motion contending that "[t]here is nothing to suggest [that Defendant's] . . . [medical] conditions are terminal or that they substantially impact [his] . . . life such that they would meet the [extraordinary and compelling] requirements of Section 1B1.13. . . ." *See* Gov't Letter, dated Jan. 22, 2025, at 7 (ECF No. 154). Moreover, "any reduction in his sentence would be inconsistent with the Section 3553(a) sentencing factors[,]" *id.* at 1, pointing out that Defendant was the "leader of the *Autodefensas Unidas De Colombia*

("AUC"), a Colombian paramilitary organization . . . and U.S. Department of State designated foreign terrorist organization . . . [that] import[ed] multi-ton quantities of cocaine into the United States . . . ." *Id.* at 1.

On May 13, 2008, Defendant was extradited to the U.S. from Colombia. *See* Plea Hr'g Tr., dated June 17, 2008, at 13. Defendant was charged with "(1) conspiring to import more than 5 kilograms of cocaine into the United States, . . . and [distributing] more than 5 kilograms of cocaine, . . . and (2) conspiring to conduct financial transactions designed to conceal the nature of narcotics trafficking . . . ." Gov't Letter at 2. Defendant pled guilty on June 17, 2008 to "[c]onspiracy to import cocaine into the U.S.[,]" in violation of 21 U.S.C. § 963. Judgment, dated Apr. 22, 2009, at 1 (ECF No. 82); *see also* Plea Agreement, dated June 17, 2008 (ECF No. 29). Defendant's stipulated Sentencing Guidelines range was 324 to 405 months of imprisonment based upon an offense level of 41 and a criminal history category of I. *See* Plea Hr'g Tr. at 20. As part of the extradition agreement, the U.S. agreed not to seek a sentence of life imprisonment. *See* Plea Hr'g Tr. at 3. On April 22, 2009, Defendant was sentenced to 375 months of imprisonment followed by five years of supervised release. *See* Judgment at 2, 3. He was 48 years of age at the time of his sentencing. *See* Supplemental Presentence Report, dated Mar. 15, 2024, at 7 (ECF No. 145).

**For the reasons stated herein, Defendant fails to establish extraordinary and compelling circumstances for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Moreover, the § 3553(a) factors, including danger to the community, compel the Court to deny Defendant's motion.**

II.    <u>Legal Standard</u>

A court may grant a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only "if (1) the defendant has exhausted available administrative remedies, (2) extraordinary and

2

compelling reasons warrant a reduction, and (3) the § 3553(a) sentencing factors favor a reduction." *United States v. Robinson*, No. 23-6150, 2024 WL 4262955, at *1 (2d Cir. Sept. 23, 2024) (citing 18 U.S.C. § 3582(c)(1)(A)).

"Section 3582(c)(1)(A) of title 18 . . . describe[s] what should be considered extraordinary and compelling reasons for sentence reduction . . . ." 28 U.S.C § 994(t). Compassionate release based on medical circumstances requires that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility . . . ." U.S.S.G. § 1B1.13(b)(1)(B). If "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care[,]" the defendant must show that the care "is not being provided [to the defendant by the prison] . . . ." *Id.* § 1B1.13(b)(1)(C).

"If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . ." may be considered for a sentence reduction. *Id.* § 1B1.13(b)(6). Courts consider a change in the law which "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . after full consideration of the defendant's individualized circumstances." *Id.*

"[E]ven if an inmate demonstrates extraordinary and compelling circumstances, the district court must consider whether release is consistent with the factors set forth in Section 3553(a)." *United States v. Jones*, No. 22-2008-cr, 2023 WL 8613867, at *2 (2d Cir. Dec. 13, 2023) (summary order). "[A] district court's 'reasonable evaluation of the Section 3553(a) factors' is 'an alternative and *independent* basis for denial of compassionate release.'" *Jones*, 2023 WL 8613867, at *2 (quoting *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam)).

III. <u>Analysis</u>

A. **Defendant Has Exhausted His Administrative Remedies**

A compassionate release motion may be filed in district court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). On October. 28, 2024, Defendant submitted a request for compassionate release to the warden of FCI I Butner. The request was denied on November 7, 2024. *See* Def.'s Mot. Ex. 1; Ex. 2.

### B. Defendant's Claims Do Not Support A Sentence Reduction

#### i. *Defendant's Medical and Physical Conditions*

The Government argues persuasively that Defendant's medical and physical conditions do not constitute extraordinary and compelling reasons for sentence reduction. Gov't Letter at 4 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). For one thing, Defendant has not shown that his prosthetic leg—which he had prior to his extradition to the U.S.—"has substantially diminished his ability to provide self-care or that needed care is not being provided." *Id.* at 6. In fact, BOP records show that Defendant received a new prosthetic leg from the BOP in or around December 2023. And, Defendant's records show that he has been granted appropriate living accommodations and weekly physical therapy treatments. *See id.*; *see also* Def.'s Mot. Ex. 3, at 1. As recently as June 2024, the Bureau of Prisons doctor wrote that Defendant's "new prosthetic [is] working very well . . . ." Gov't Letter Ex. F, at 1.

Nor is there any evidence to suggest that Defendant's other medical issues (e.g., pre-diabetes, enlarged prostate with urinary tract infections, Hyperlipidemia, muscle weakness, muscle atrophy, and chronic lower back pain) are terminal or that they substantially impact his life "such that they would meet the requirements of Section 1B1.13 . . . ." *Id.* at 7.

4

In sum, Defendant's medical issues, do not establish extraordinary and compelling circumstances. *See* Def.'s Mot. at 3; *see also, e.g.*, *United States v. Santos*, No. 88 Cr. 642 (LAP), 2021 WL 738692, at *3, *6 (S.D.N.Y. Feb. 25, 2021) (denying compassionate release where defendant used a wheelchair and suffered from hypertension, high cholesterol, and diabetes); *United States v. Sledge*, 851 F. App'x 265, 266 (2d Cir. 2021) (summary order) (affirming the district court's decision that medical factors, including pre-diabetes and hypertension, did not warrant compassionate release). BOP records also show that Defendant is prescribed Fimasteride and Tamsulosin to treat his prostate issues and chronic urinary tract infections. *See* Gov't Letter Ex. E, at 2. Defendant is prescribed Aspirin and Atorvastatin for Hyperlipidemia, and hydrochlorothiazide, Isosorbide Mononitrate, and Metoprolol Tartrate for his hypertension. *See id.* at 1-2. The records show that in 2024 he received 41 "Rehab Treatment[s]" with a physical therapist. *See id.* Ex. B, at 2-3; Ex. C, at 2-3. Defendant's physical therapist reported that Defendant is "ambulating independently with [a] four wheeled walker. . . ." *Id.* Ex. C, at 1.

    ii.    *Defendant's 375 Month Sentence*

There has been no change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ." U.S.S.G. § 1B1.13(b)(6). Defendant was sentenced to 375 months of imprisonment which is well within Defendant's Guidelines Range. *See* Plea Hr'g Tr. at 20. Defendant's sentence was appropriate given, among other things, his extensive and dangerous offense conduct. Defendant has presented no evidence showing any "'gross disparity' between . . . [his] actual sentence and the sentence he might receive if he were sentenced today." Gov't Letter at 9 (quoting U.S.S.G. § 1B1.13(b)(6)). In a 2023 case, Judge Gregory H. Woods sentenced a Sinaloa Cartel high ranking "associate" to 456 months in prison after the cartel member pled guilty to conspiring to import into the U.S. kilograms of narcotics. *See United States v. Madrid*, No. 16 Cr. 680 (S.D.N.Y. June 6,

2023). Defendant's claim that if he were "sentenced today, his sentence could be significantly different, based on the geo-political nature of . . . [his] conviction . . . [,]" Def.'s Mot. at 4-5, is also belied by the following recent cases: Judgment at 3, *United States v. Luna*, No. 19 Cr. 576 (BMC) (E.D.N.Y. Oct. 16, 2024) (sentencing the former Secretary of Public Security in Mexico to 460 months in prison for facilitating trafficking of kilograms of cocaine into the U.S.); *United States v. Orlandez-Gamboa*, No. 21-1594, 2022 WL 17491645, at *2 (2d Cir. Dec. 8, 2022) (summary order) (upholding the district court's decision that defendant's "status as the leader of a violent cartel did not warrant a . . . reduction" of defendant's 480 month sentence for "lead[ing] . . . a large-scale narcotics trafficking organization that was responsible for importing hundreds of kilograms of cocaine into the United States").

### C. Section 3553(a) Factors Weigh Against A Sentence Reduction

The Government persuasively demonstrates that the § 3553(a) factors strongly counsel against any sentence reduction. *See* Gov't Letter at 4. Defendant's motion fails adequately to rebut his serious and dangerous offense conduct. *See id.* at 9; *see also United States v. Phillibert*, 557 F. Supp. 3d 456, 458 (S.D.N.Y. 2021) ("The defendant bears the burden of proving that he is entitled to compassionate release . . . .").

The § 3553(a) factors overwhelmingly refute Defendant's motion for early release. For one thing, the Court finds that Defendant's sentence accurately "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see also, e.g.*, Judgment at 3, *United States v. Montoya*, No. 15 Cr. 378 (PGG) (S.D.N.Y. Oct. 14, 2022) (sentencing a former Honduran politician to 360 months in prison for conspiring to import cocaine into the U.S.).

In the instant case, Defendant was the leader of a dangerous Colombian gang that imported metric tons of cocaine into the United States between 2000 and 2004. *See* Gov't Letter at 10; Plea Hr'g Tr. at 12. He led a gang "designat[ed] by the United States Department of State as a foreign

terrorist organization just like Al-Qaeda, Hizballah, [and] Hamas." Sent'g Tr., dated Apr. 22, 2009, at 27. And, Defendant obtained "over $12 million and more than 100 properties" from his criminality. Gov't Letter at 10.

Defendant's 375 month sentence is also intended to deter his and others' similar drug importation conduct. *See* 18 U.S.C. 3553(a)(2)(B). *See Jones*, 17 F.4th at 375-76 (per curiam) (where compassionate release was said to "undermine the deterrent purpose of the original sentence given . . .").

The Court imposed a sentence "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). As the leader of a drug cartel, Defendant trafficked to the U.S. multi-kilo quantities of cocaine and thereby endangered U.S. communities. Gov't Letter at 10. Moreover, Defendant used firearms in furtherance of the drug trafficking enterprise, and he used drug profits to bankroll his organization. *See id.* He "made threats of violence to a cooperating witness on numerous occasions." *Id.*

Based upon Defendant's past and (potential) future criminality, the Court does not find grounds to support a reduction of Defendant's sentence. *See United States v. Gil*, 90 Cr. 306 (KMW), 2020 WL 2611872, at *2 (S.D.N.Y. May 22, 2020).

### IV.  Conclusion & Order

For the reasons stated above, and based upon the record, Defendant's motion for a sentence reduction (ECF No. 151) is respectfully denied.

Date: March 10, 2025
New York, New York

*RMB* (signature)

RICHARD M. BERMAN, U.S.D.J.